BAILES, Judge.
This is an action by the plaintiff-appellant to recover from the defendant-appellee the sum of $357.46 which allegedly is the amount of earned premiums on certain insurance policies covering the business operations and automobile of defendant. After trial in the court a quo, judgment was rendered in favor of defendant rejecting the demands of plaintiff, at his cost.
For reasons herein assigned, we reverse the judgment on our finding that the trial court committed manifest error. Its judgment is not supported by the facts.
In rendering judgment in favor of defendant, the trial court assigned these reasons :
“The unrebutted testimony of defendant, ROY MILLET, d/b/a ROY’S ELECTRICAL SERVICE, that all insurance policies in question were returned to OSCAR J. AUTIN, d/b/a OSCAR J. AUTIN INSURANCE COMPANY, through petitioner’s agent, prior to the expiration of the cancellation period of the said insurance policy, as a result of which there is no *234 liability on defendant’s part for the premises (sic) on the said insurance policies.”
During the month of March, 1966, as he had done for the previous five years, plaintiff delivered to defendant three insurance policies which he customarily furnished, including automobile, public liability and workmen’s compensation coverage. The policies were delivered to defendant’s home. Defendant testified that on the same date he returned the policies to a Mrs. Norma Donahue, an employee in plaintiff’s office. He further testified that he had attempted to contact the plaintiff a number of times but was never able to discuss the cost of the insurance with the plaintiff. Plaintiff, and another employee, Mrs. Patricia Dugan, denied receipt of the policies from the defendant. No reason was shown by either party why Mrs. Norma Donahue was not called.
The defendant admitted these salient facts to-wit:
1. That he received the subject insurance policies from plaintiff
2. That he signed one promissory note dated April 11, 1966, which was negotiated to a local bank for the payment of the initial premiums;
3. That he had no other insurance protection between April 1, 1966, and September 6, 1966, the date the policies were cancelled, and that he obtained other insurance protection after cancellation of the subject policies by the plaintiff.
Mrs. Patricia Dugan, a former employee of plaintiff, testified that she received a payment of $58.75 (the amount of the down payment specified in the note) on April 16, 1966, and that one monthly installment of $31.03 was paid to the bank on this note. She further testified that after crediting defendant’s account with these amounts and the returned unearned premiums, there was a balance of $357.46 due and owing. This witness also testified that to her knowledge defendant had not informed her that he did not want the insurance coverage.
The evidence clearly preponderates in favor of the plaintiff that defendant received the policies on or before April 1, 1966, that he executed one and possibly two promissory notes in payment of the premiums which were negotiated to a local bank and that defendant benefitted from the protection of the coverage, as he admitted he had no other insurance coverage. Although defendant denied he received any cancellation notices, he did admit that after cancellation of these policies he obtained coverage through another insurance agency. His counsel’s objection to the question of the date of issuance of the other insurance was improperly maintained, but we need not remand for that purpose.
The trial judge’s view that defendant’s testimony of return was “unrebutted” was erroneous. It is rebutted by the testimony of plaintiff and his employee, whose testimony is generally much more consistent with all the circumstances of this case.
For the foregoing reasons, the judgment appealed from is reversed and there is judgment herein in favor of plaintiff, Oscar J. Autin, d/b/a Oscar J. Autin Insurance Agency, and against Roy Millet, d/b/a Roy’s Electrical Service, in the sum of $357.46, together with legal interest thereon from date of judicial demand until paid, and cost of court in both trial court and in this court.
Reversed and rendered.